IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY DERRICK EUTSEY, AIS#194555, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:23-cv-00317-RAH-CSC ) |
| GWENDOLYN DAVIS, *et al.*, | ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *pro se* Petitioner Jimmy Derrick Eutsey's petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons below, Eutsey's petition will be dismissed for failure to exhaust his claims in state court. A certificate of appealability will not be issued.

### BACKGROUND

Eutsey challenges the three consecutive 25-year sentences he received in 1997 for first-degree robbery, first-degree rape, and first-degree sodomy. He claims he is being unlawfully held because his 1997 plea deal with the prosecutor required that he serve only 8 years of each 25-year sentence. (Doc. 1.) Thus, according to Eutsey, the plea deal was breached when he was not released after 24 years.

Eutsey pleaded guilty to the three charges on August 8, 1997, in Bullock County, Alabama. (Doc. 1.) Eutsey was 16 years old at the time of the crimes, and the victim was 77 years old. (Doc. 13-1 at 12, 39.) Pursuant to a plea agreement with the prosecutor, Eutsey was sentenced to 25 years on each charge, each to run consecutive.

The transcript of the plea hearing makes clear that Eutsey's agreement with the prosecutor was 25 years on each count. In response to a question by the sentencing judge about "how much time does that involve," the prosecutor stated that he called the Alabama

Department of Corrections about these similar situations, and was told that it was "probably eight years on each sentence" but "I can't tell you that its what it is" but "that is kind of what I am anticipating." (Doc. 17-1 at 4-5.) The prosecutor added that "probably the best I understand, is each term he might serve seven to eight years on each one." (*Id*. at 5.)

Following this discussion, Eutsey was again informed that the sentences would be 25 years on each, to run consecutive. (*Id*. at 12.) Thereafter, Eutsey pleaded guilty to all three charges. (*Id*. at 21.) He was also told that he would not get the benefit of early release or any good time in the incentive program to shorten his sentence. (*Id*.) Eutsey did not appeal his convictions or sentence.

Since then, Eutsey has filed four Rule 32 petitions. Eutsey filed his first Rule 32 petition on March 5, 1999. That petition was dismissed after an evidentiary hearing, with the Rule 32 court finding that Eutsey's guilty plea was knowing and voluntary and that his legal counsel was not ineffective. (Doc. 13-1 at 67, 69.) He did not appeal.

Eutsey filed his second Rule 32 petition on February 6, 2014. (Doc. 13-1.) In that petition, as amended, he raised a *Miller* challenge, claiming that his sentence was illegal and in violation of the Eighth and Fourteenth Amendments because he was a juvenile at the time of the crimes. (Doc. 13-1 at 78–91.) That petition was dismissed by the circuit court, finding that *Miller* was inapplicable to Eutsey. (Docs. 13-1 at 71, 96.) Eutsey then appealed to the Alabama Court of Criminal Appeals, which denied his appeal, finding *Miller* inapplicable also. (Doc. 13-3.) Eutsey's application for rehearing and for a writ of certiorari were denied. (Docs. 13-7; 13-8; 13-10.)

On June 14, 2021, Eutsey filed his third Rule 32 petition, labeling it a "Motion to Mandatorily Enforce Plea Agreement." (Doc. 17-4.) In this petition, Eutsey stated that the record showed that he would only serve seven to eight years on each consecutive sentence. He also stated that "[i]t is a violation of law and a breach of Eutsey's plea agreement for the Alabama Board of Pardons and Paroles and ADOC's Central Record not to agree to the Court's sentencing order." (Doc. 17-4 at 2.) This motion was denied on June 15, 2021. (Doc. 17-5.) Eutsey did not appeal.

On July 15, 2024, Eutsey filed his fourth petition, requesting to be resentenced under the voluntary sentencing guidelines. (Doc. 17-3.) That petition was denied on September 5, 2024. He did not appeal.

Between the dismissal of his third and fourth petitions, on May 12, 2023, Eutsey filed this § 2254 petition concerning the alleged breach of the plea agreement.

## DISCUSSION

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt,* 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-123337-E, 2022 WL 966398, at *1 (11th Cir. Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32

3

petition); Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39 & 40.

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 4). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995).

Based on a review of Eutsey's § 2254 petition and the state court records, Eutsey failed to exhaust his state court remedies regarding the claims in his current petition. Eutsey was convicted in 1997 but did not file a direct appeal, filed his first petition in March 1999 but did not appeal, and then filed his second petition in July 2000 and did appeal although unsuccessfully. Eutsey then filed his third petition (the one raising the breach of the plea agreement allegation) on June 14, 2021, which was denied by the state circuit court on June 15, 2021, but he did not appeal the lower court's denial order to the Alabama Court of Criminal Appeals. Instead, he filed this § 2254 petition on May 12, 2023, raising the same allegations concerning the alleged breach of his plea agreement as he did in his third Rule 32 petition. And he then filed a fourth Rule 32 petition on July 15, 2024, seeking to be resentenced. Putting aside the issues of whether Eutsey's current petition is time-barred[1] or precluded as a successive petition, Eutsey has not exhausted his claim since he did not appeal the denial of his third Rule 32 petition to the Alabama Court of Criminal Appeals. Thus, as a general rule, this Court cannot address the merits of his § 2254 motion.[2]

## CONCLUSION

Accordingly, it is **ORDERED** that Petitioner Jimmy Derrick Eutsey's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust his state court remedies. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28

---

[1] Eutsey's petition is time-barred, as he filed this § 2254 petition 23 months after the Alabama Court of Criminal Appeals denied his appeal.

[2] The state court record shows that Eutsey was considered for parole in December 2016 (nearly 20 years into his sentences) and January 2019 (22 years into his sentences), but was denied both times.

4

U.S.C. § 2253. Final judgment will be entered separately.

**DONE**, on this the 5th day of February 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE